UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-80710-RAR

**MIHAI ARNAUTA**,

    Petitioner,

v.

**STATE OF FLORIDA**,

    Respondent.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court on Petitioner's *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 in which he challenges the state court judgment in Case No. 2010-CF-007728A, entered in the State Circuit Court in and for Palm Beach County, Florida. *See* Petition [ECF No. 1]. Rule 4 of the Rules Governing Section 2254 Cases authorizes courts to dismiss a habeas petition arising under § 2254 "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See also* 28 U.S.C. § 2243 (authorizing courts to dismiss a case without an order to show cause issuing "unless it appears from the application that the applicant or person detained is not entitled" to relief). Consistent with that authority, courts may *sua sponte* dismiss a § 2254 petition if the parties are afforded "notice of [the] decision and an opportunity to be heard in opposition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020).

In fact, the Supreme Court has addressed a federal court's authority to *sua sponte* dismiss habeas petitions even after the State omits or erroneously concedes a procedural defense. *See Day v. McDonough*, 547 U.S. 198, 205, 210–11 (2006) (addressing this principle in the context of

timeliness). And the Eleventh Circuit has explained "[b]oth a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is 'not entitled to relief.'" *Paez*, 947 F.3d at 654 (quoting Rule 4 of the Rules Governing Section 2254 Cases).

Based on the foregoing authorities, and for the reasons stated herein, the Petition is **DISMISSED as procedurally barred** and the parties are hereby notified of their opportunity to present their positions regarding this Order.

## PROCEDURAL BACKGROUND

Petitioner was charged with (1) aggravated white collar crime; (2) grand theft; (3) organized scheme to defraud $20,000 or more; (4) and unlawful use of a scanner device. *See* Information [ECF No. 9-1] at 2–3. Following a jury trial, the jury returned a guilty verdict on Counts 1, 3, and 4. *See* Verdict [ECF No. 9-1] at 20.[1] The State Circuit Court, as a result, sentenced Petitioner to a total of 10 years' imprisonment. *See* Sentencing Order [ECF No. 9-1] at 23-24.

Although Petitioner appealed to the Florida Fourth District Court of Appeal ("Fourth DCA"), the Fourth DCA affirmed the conviction and sentence entered below. *See Arnauta v. State*, 125 So. 3d 1028 (Fla. 4th DCA 2013). The Florida Supreme Court declined to accept jurisdiction to review Petitioner's appeal, *see Arnauta v. State*, 135 So. 3d 285 (Fla. 2014), and the Supreme Court of the United States subsequently denied certiorari review on June 16, 2014. *See Arnauta v. Florida*, 573 U.S. 917 (2014).

During postconviction, Petitioner filed a "Motion for Post Conviction Relief" pursuant to Fla. R. Crim. P. 3.850 on May 5, 2015. *See* Motion for Post Conviction Relief [ECF No. 9-1] at 190–235 ("Rule 3.850 Motion"). The State Circuit Court ordered an evidentiary hearing on one

---

[1] The verdict sheet labels Count 4—the unlawful use of a scanner device charge—as "Count III" apparently in error. *See* Verdict.

claim raised within the Rule 3.850 Motion and denied all other claims on the merits. *See* Order Denying Rule 3.850 Motion and Setting Evidentiary Hearing [ECF No. 9-2] at 86–87. Following the hearing, the State Circuit Court denied the unresolved claim on February 20, 2018. *See* Final Order Denying Rule 3.850 Motion [ECF No. 9-2] at 90–96.

The record indicates that Petitioner did not file a notice of appeal, as the Fourth DCA granted a petition for belated appeal on the denial of Petitioner's Rule 3.850 Motion. *See* Order Granting Petition for Belated Appeal [ECF No. 9-2] at 98. Respondent did not provide a copy of this petition for belated appeal within the record. While Petitioner was appealing the denial of his Rule 3.850 Motion in the Fourth DCA, *see* Fourth DCA Docket for 4D18-3624 [ECF No. 9-2] at 199–201, Petitioner filed his Petition in this Court on May 23, 2019. *See* Petition at 15.

## **TIMELINESS**

Stated broadly, "a person in custody pursuant to the judgment of a State court" has a one-year period to file a habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). That limitation period "runs from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). This period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

Respondent's timeliness argument is, at best, equivocal. To summarize, Respondent's calculation of the timeliness inquiry explicitly excludes any potential tolling effect that might be warranted in light of Petitioner's Rule 3.850 Motion—while in the same breath conceding that it, indeed, has a tolling effect—in order to submit to the Court that the Petition is "untimely." *See* Response to Order to Show Cause at 8–9 (arguing that the Petition is untimely without "taking into account the grounds raised in the 3.850 motion," conceding that the Rule 3.850 Motion "tolls the one-year limitation[s period]," and submitting the Petition is thus "untimely"); *see also id.* at 6–7 (conceding the Rule 3.850 Motion is a tolling motion but never resolving whether its tolling effect makes the instant Petition timely). By doing so, Respondent never explains whether the Petition would be timely if the Court were to accept Respondent's concessions.

Turning to the facts and law, Petitioner's judgment of conviction and sentence became final when the Supreme Court of the United States denied his petition for writ of certiorari on June 16, 2014. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'— when this Court affirms a conviction on the merits or denies a petition for certiorari."). Absent any tolling motions, a petition for writ of habeas corpus had to be filed in this Court by June 16, 2015. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]his Court has suggested that the limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.").

Petitioner had a tolling motion. As previously mentioned, Petitioner filed his Rule 3.850 Motion on May 5, 2015, *see generally* Rule 3.850 Motion, and, therefore, it tolled the limitations

period. *See, e.g.*, *Brown v. Sec'y for Dep't of Corr.*, 530 F.3d 1335, 1338 (11th Cir. 2008) ("[A] properly filed Rule 3.850 motion seeking to set aside a conviction would undoubtedly toll AEDPA's limitations period during its pendency[.]"); *Moore v. Crosby*, 321 F.3d 1377, 1379 n.1 (11th Cir. 2003) (explaining a Florida prisoner's timely Rule 3.850 Motion tolled the limitations period). Thus, because the May 5, 2015 Rule 3.850 Motion was the first tolling motion since the limitations period started ticking on June 16, 2014, 323 days expired without statutory tolling.

In addition, "[i]t is clear that tolling continues under section 2244(d) while the petitioner appeals the denial of a state application in state court." *Moore*, 321 F.3d at 1380. Here, there was a gap of time. In other words, it facially appears that Petitioner's Rule 3.850 Motion's tolling effect carries over only until the date Petitioner failed to file a timely notice of appeal. *See, e.g.*, *Williams v. Crist*, 230 F. App'x 861, 867 (11th Cir. 2006) (discussing *Moore*, 321 F.3d at 1379 n.1).

As a reminder, the State Circuit Court denied the Rule 3.850 Motion on February 20, 2018. *See* Final Order Denying Rule 3.850 Motion. And Petitioner failed to file a timely notice of appeal. Therefore, the limitations period, at least on its face, ticked again on March 22, 2018 (*i.e.*, 30 days after the State Circuit Court entered its Final Order Denying Rule 3.850 Motion), as that was the last day Petitioner could timely file his notice of appeal. *See generally* Fla. R. Crim. P. 3.850(k) (explaining a party has 30 days from rendition of the order denying their Rule. 3.850 motion to file their notice of appeal). The question remains, however, whether the Fourth DCA's subsequent grant of the petition for belated appeal on the denial of Petitioner's Rule 3.850 Motion statutorily tolls the gap of time between the last day the notice of appeal should have been filed and the date that the Fourth DCA granted the belated appeal.

The answer is not too clear in this Circuit. "[A] petition for belated appeal of an order denying state collateral relief," by itself, "does not toll the limitations period for a petition for a

writ of habeas corpus." *Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301, 1305 (11th Cir. 2016) (quoting *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1141 (11th Cir. 2015)). In slight contrast, if a Florida prisoner's petition for belated appeal of an order denying collateral relief is granted, the Eleventh Circuit has suggested—but not held—that a granted petition seeking an out of time appeal would toll the limitations period "because the state court 'excused the untimeliness as a matter of state law and ruled on the merits.'" *Espinosa*, 804 F.3d at 1142 (quoting *Gibson v. Klinger*, 227 F.3d 977, 981 (7th Cir. 2000)); *see also Williams*, 230 F. App'x at 867.

Even so, that limited guidance does not answer the problem here. Put differently, the Eleventh Circuit has not yet resolved whether a granted petition for belated appeal on a postconviction motion would entitle a habeas litigant to statutory tolling for the gap of time between when a notice of appeal should have been filed and the date that a petition for belated appeal was ultimately granted. *See generally McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x 249, 251 (11th Cir. 2007) ("We have not decided explicitly whether the limitations period is tolled by a 3.850 proceeding until the date of the state appellate court's order or its mandate. We need not address this issue here . . ."). Instead, the Eleventh Circuit has only indicated that statutory tolling would be appropriate from the date that a petition for belated appeal is filed, assuming that such a petition had been granted. *See Espinosa*, 804 F.3d at 1142. Making matters muddier, Respondent did not provide a copy of the petition for belated appeal within the appendix, meaning the Court cannot answer whether—even if Petitioner is not entitled to *statutory* tolling under 28 U.S.C. § 2244(d)(2)— Petitioner might be entitled to *equitable* tolling for that gap of time.[2]

This gap of time is critical to the issue of timeliness in this case. To illustrate, if Petitioner is only entitled to statutory tolling from the date he filed his October 4, 2018 petition for belated

---

[2] Respondent also did not address whether the Petition might be entitled to equitable tolling. *See* Response at 8–9.

appeal,³ then the gap of untolled time (*i.e.*, March 22, 2018, which is the day the notice of appeal should have been filed, to October 4, 2018, the filing of the petition for a belated appeal) would amount to 197 untolled days. Adding that period to the 325 untolled days that elapsed after the conclusion of Petitioner's direct appeal would render the Petition untimely.

Conversely, if Petitioner is entitled to statutory tolling during that gap of time because the Fourth DCA excused his untimeliness, his Petition is timely because only 325 days elapsed from the date that the Petition was filed. Petitioner, after all, filed his May 23, 2019 Petition in this Court, *see* Petition at 14, before the Fourth DCA resolved the appeal on the denial of his Rule 3.850 Motion. *See* Fourth DCA Docket for 4D18-3624 [ECF No. 9-2] at 199–201; Fourth DCA's June 25, 2019 Order to Show Cause [ECF No. 9-2] at 171. Put contextually, if the gap of time at issue here is entitled to statutory or equitable tolling, there is no question that the Petition is timely because Petitioner's litigation on the Rule 3.850 Motion was still pending when this action initiated.

Ultimately, the Court is prevented from definitively resolving whether Petitioner is entitled to statutory tolling during that gap of time. And, if Respondent had provided a complete record, the Court may have even skipped the issue entirely to decide whether Petitioner is entitled to equitable tolling during that gap of time. If Petitioner had been entitled to equitable tolling, then it certainly would have mooted whether statutory tolling was appropriate. Petitioner provided sufficient notice of his position that the Fourth DCA's grant of his belated appeal on the denial of his collateral filing makes his Petition timely. *See* Petition at 13–14. Respondent failed to address

---

³ The Court cannot confirm with precision the date on which Petitioner filed his petition for belated appeal in the Fourth DCA because, as already stated, Respondent never made that filing part of the record in this case. After all, that filing would have been subject to the prison mailbox rule. Therefore, the Court's reference to October 4, 2018 merely cites the docketing date listed in the Fourth DCA's Online Docket for Case No. 4D18-2977, not the actual date of filing. *See* Fed. R. Evid. 201.

Page **7** of **11**

the legal significance of Petitioner's belated appeal as it relates to the issue of timeliness nor rebutted Petitioner's argument. *See generally* Response.

Based on the record, the Court would be inclined to agree with Petitioner because the Fourth DCA, in excusing Petitioner's untimely appeal of the denial of his Rule 3.850 Motion, treated the appeal as if the notice of appeal were timely in the first instance. The Court sees no reason to assist Respondent in constructing an argument to the contrary. *See Day*, 547 U.S. at 210 (explaining courts "have no obligation to assist attorneys representing the State"). Ultimately, however, the Court declines to definitively resolve—and thus only assumes that the Petition is timely in this case—because Petitioner's sole claim for relief is unquestionably procedurally barred.[4]

## ANALYSIS

Petitioner presents one ground for relief. In it, Petitioner claims "the trial court erred in denying [his] motions to quash search warrants and [therefore failed to] suppress illegally obtained evidence derived from GPS placement on [a] vehicle [that was] outside [a] police official's jurisdiction . . . in violation of Petitioner's Fourth and Fourteenth Amendment rights[.]" Petition at 5.

Pursuant to *Stone v. Powell*, 428 U.S. 465 (1976), "[a] federal court cannot entertain a Fourth Amendment claim brought by a habeas petitioner attacking his state conviction if the petitioner had an opportunity for full and fair consideration of that claim in the state courts." *Canady v. Harrison*, 188 F. App'x 951, 953 (11th Cir. 2006) (citing *Stone*, 428 U.S. at 494); *see also Peoples v. Campbell*, 377 F.3d 1208, 1224–26 (11th Cir. 2004) (holding that *Stone* precluded

---

[4] The Court exercises its discretion to address the merits because "'the interests of justice would be better served' by addressing the merits" over dismissing the Petition as time-barred in this case. *See Day*, 547 U.S. at 211 (quoting *Granberry v. Greer*, 481 U.S. 129, 136 (1987)).

consideration on habeas review of claim alleging arrest lacked probable cause); *Bradley v. Nagle*, 212 F.3d 559, 564 (11th Cir. 2000) (holding that *Stone* precluded consideration of a claim alleging an invalid search). "For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *Peoples*, 377 F.3d at 1224 (quoting *Tukes v. Dugger*, 911 F.2d 508, 513–14 (11th Cir. 1990)). In contrast, "full consideration by an appellate court [is necessary] when the facts are not in dispute." *See Bradley*, 212 F.3d at 565 (cleaned up).

Petitioner concedes that he had a hearing on this claim, *see* Petition at 3, and agrees that he appealed this claim on direct appeal, *id.* at 4. And, indeed, the record confirms he had a hearing at the trial level and appealed this issue. *See* Motion to Suppress Hearing [ECF No. 10-2]; Petitioner's Initial Brief on Direct Appeal [ECF No. 9-1] at 26–65. Seeing as Petitioner had a full and fair opportunity to present his Fourth Amendment claim in Florida's courts, Petitioner's claim is barred by *Stone* and, therefore, the Court cannot review it.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. "[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (cleaned up). Here, the sole claim for relief is procedurally barred. Consequently, evidentiary development is not necessary in this case.

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district

court's final order denying his motion to vacate. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]here a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)).

As explained herein, the Court has declined to resolve the issue of timeliness because the merits are procedurally barred. And the procedural bar is not subject to reasonable debate. Accordingly, a COA is denied.

## **CONCLUSION**

To summarize, Petitioner's sole claim for relief is procedurally barred. Even so, the Eleventh Circuit has indicated that a district court should provide habeas litigants "ample notice and an opportunity to explain [why the action should not be summarily dismissed]." *See Paez*, 947 F.3d at 654 (stating this principle in the context of a timeliness inquiry). This Order does not truly constitute a summary dismissal because there is a response to an order to show cause in the record. But Petitioner should be alerted of his opportunity to respond only because this Order cites a straight-forward procedural bar that Respondent never briefed. *See Canady*, 188 F. App'x at 953; *see also* Rule 4 of the Rules Governing Section 2254 Cases (explaining courts have authority to raise *sua sponte* issues that plainly preclude relief).

Consistent with this instruction and approach, both parties may each submit a response, not exceeding five pages in length, to state their positions during the 28-day period for reconsideration under Fed. R. Civ. P. 59(e). In the interest of fairness, the parties' positions, if any are submitted, shall be reviewed *de novo*. Having carefully reviewed the record in this case, and for the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is hereby **DISMISSED as procedurally barred**. Any pending motions are **DENIED as moot**. Further, any demands for an evidentiary hearing are **DENIED**, and a COA shall **NOT ISSUE**. Lastly, because the parties may state their positions to this Order during the period for reconsideration, this case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of December, 2020.

                                              **RODOLFO A. RUIZ II**
                                              **UNITED STATES DISTRICT JUDGE**

cc:    Mihai Arnauta
       W37238
       523 Southridge Rd.
       Delray Beach, FL 33444
       PRO SE

       Georgina Jimenez-Orosa
       Attorney General Office
       1515 N Flagler Drive
       Suite 900
       West Palm Beach, FL 33401-3432
       561-837-5000
       Fax: 837-5099
       Email: CrimAppWPB@MyFloridaLegal.com

       Noticing 2254 SAG Broward and North
       Email: CrimAppWPB@MyFloridaLegal.com